IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ERNEST WASHINGTON )
 )
    v. ) NO: 3:15-0689
 )
CORRECTIONS CORPORATION OF )
AMERICA, et al. )

TO: Honorable Kevin H. Sharp, Chief District Judge

# R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered June 29, 2015 (Docket Entry No. 5), the Court referred this action to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

Presently pending before the Court is Defendant Michael Corlew's motion for summary judgment (Docket Entry No. 42), to which Plaintiff has responded in opposition. *See* Docket Entry No. 51. For the reasons set out below, the Court recommends that the motion be granted and this action be dismissed.

## I. BACKGROUND

Ernest Washington ("Plaintiff") is an inmate currently confined in the Metro-Davidson County Detention Facility ("MDCDF"). On June 23, 2015, he filed this action *pro se* and *in forma*

*pauperis* under 42 U.S.C. § 1983 alleging that his constitutional rights were violated at the MDCDF. Specifically, Plaintiff asserts that he wanted a prison job working in the MDCDF kitchen but was not given this work assignment despite several correctional staff members allegedly telling him that they did not "have a problem" with him working in the kitchen. *See* Complaint (Docket Entry No. 1) at 5. Plaintiff contends that, on May 22, 2015,[1] he met with Michael Corlew ("Corlew" or the "Defendant"), an Assistant Warden at the MDCDF, about the matter and Corlew told him that he (Corlew) was not allowing Plaintiff to work in the kitchen because of Plaintiff's numerous written administrative grievances against prison officials. *Id*. at 5-6. As relief for this alleged wrongdoing, Plaintiff seeks $100,000.00 in compensatory damages, $50,000.00 in punitive damages, declaratory relief, and injunctive relief ordering Corlew "to let me work where I want to work and stop retaliation towards me." *Id*. at 7.

By the order of referral, process was issued to Corlew on Plaintiff's claim that he was retaliated against in violation of his First Amendment rights. Plaintiff's claims against two other named defendants were dismissed pursuant to 28 U.S.C. § 1915(e)(2). *See* Docket Entry No. 5 at 3. Upon Defendant's filing of an answer, a scheduling order was entered providing for a period of pretrial activity in the action. *See* Docket Entry Nos. 25 & 28. Defendant demands a jury trial.

In his motion for summary judgment, Defendant argues that the undisputed facts show that the MDCDF's Classification Committee assigned Plaintiff a security classification level of maximum custody on April 30, 2015, upon his arrival at the MDCDF, a decision that was based, in part, on Plaintiff's prior institutional history of assaultive behavior and involvement with prison contraband. The Classification Committee also placed Plaintiff in a work assignment cleaning in

---

[1] *See* Docket Entry No. 37 at 1.

in his unit, which was not the kitchen job Plaintiff had requested. Plaintiff's security level and work assignment were upheld upon Plaintiff's administrative appeal. Although Defendant admits to meeting with Plaintiff about his dissatisfaction with the work assignment, Defendant denies making any statements to Plaintiff that he was being denied a job in the MDCDF kitchen because of filing grievances and denies that he took any adverse action against Plaintiff because of Plaintiff's grievances. Defendant further contends that, regardless of any alleged retaliatory motive on his part, the undisputed evidence shows that the decision about Plaintiff's work assignment was made by the Classification Committee, not by Defendant, and was a decision that was based upon Plaintiff's undisputed history of negative institutional conduct. In support of his motion, Defendant relies upon a Statement of Undisputed Material Facts (Docket Entry No. 46), his own affidavit (Docket Entry No. 44), and the affidavit (Docket Entry No. 50) of Ravon Baines, the Classification Coordinator at the MDCDF.

In response, Plaintiff has filed a response to Defendant's Statement of Undisputed Material Fact. *See* Docket Entry No. 51. In Plaintiff's filing, which is unsigned and unsworn to, he reiterates that the Classification Committee agreed he could work in the MDCDF kitchen, contends that other inmates with "high" security levels have been allowed to work in the kitchen, and reiterates that Defendant told him he could not work in the kitchen. *Id.* Plaintiff further states that he has witnesses to support his claim. *Id*.

## II. STANDARD OF REVIEW

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the

Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." *Sowards v. Loudon Cnty.*, 203 F.3d 426, 431 (6th Cir.), *cert. denied*, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). The Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir.), *cert. denied*, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. *Anderson*, at 249-50. However, "[t]he moving party need not support its motion with evidence disproving the non-moving party's claim, but need only show that 'there is an absence of evidence to support the non-moving party's case.'" *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 566 (6th Cir. 2001) (quoting *Celotex Corp.*, 477 U.S. at 325). "Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). *See Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003). Moreover, conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary

4

judgment. *See Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). To defeat a summary judgment motion, the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. *Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 252).

### III. CONCLUSIONS

Although Plaintiff's allegations were sufficient to permit his retaliation claim to survive initial review under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, at this stage of the proceedings the evidence before the Court is not sufficient to support a claim that Defendant violated Plaintiff's constitutional rights and to require that Plaintiff's claim be heard at trial. Accordingly, summary judgment should be granted to Defendant.

A prisoner retains First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system. *See Pell v. Procunier*, 417 U.S. 817, 822, 94 S.Ct. 2800, 41 L.Ed.2d 495 (1974). Among these First Amendment rights is the right to pursue grievances against prison officials. *Pell*, 417 U.S. at 822; *Noble v. Schmitt*, 87 F.3d 157, 162 (6th Cir. 1996). Thus, a prisoner cannot be retaliated against because he has exercised his First Amendment rights. *See Siggers-El v. Barlow*, 412 F.3d 693, 699 (6th Cir. 2005); *Smith v. Campbell*, 250 F.3d 1032, 1036-37 (6th Cir. 2001); *Thaddeus-X v. Blatter*, 175 F.3d 378, 395 (6th Cir. 1999). This is true even if the act complained about would not violate the Constitution absent a retaliatory motive, such as failing to give an inmate a prison job. *See Newsome v. Norris,* 888 F.2d 371, 374 (6th Cir 1989). In order to determine whether a prisoner's allegations of retaliation rise to the level of a First Amendment claim, Plaintiff must show that: 1) he

5

engaged in protected conduct; 2) a sufficiently serious adverse action was taken against him that would deter a prisoner of "ordinary firmness" from continuing to engage in the protected conduct; and 3) there is a causal connection between the first two elements -- that is, the adverse action was motivated at least in part by Plaintiff's protected conduct. *Thaddeus-X*, 175 F.3d at 394. Plaintiff has the burden of proof on all three elements. *Murray v. Unknown Evert*, 84 Fed.Appx. 553, 556, 2003 WL 22976618 (6th Cir. Dec. 8, 2003).

Inherent in this test is a recognition of the unique context of the prison setting. *See Thaddeus-X,* 175 F.3d at 395 and 398. In reviewing whether unconstitutional retaliation has occurred, the Court should be guided by the well accepted principles that the daily operation of a prison facility requires constant and vigilant attention to issues of security, good order, and discipline, and that the decisions of how to deal with these and other related issues and how to manage a prison facility is best left to the expertise and discretion of prison officials. *See Thornburgh v. Abbott*, 490 U.S. 401, 404-08, 109 S.Ct. 1874, 104 L.Ed.2d 459 (1989); *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987); *Turner v. Safley*, 482 U.S. 78, 89 (1987); *Bell v. Wolfish*, 441 U.S. 520, 546-47 (1979).

Given the evidence before the Court, Plaintiff fails to satisfy the second element of his claim. The fact that Plaintiff was not assigned to his preferred job in the MDCDF kitchen is simply not a sufficiently serious enough act to constitute adverse action that supports a retaliation claim. There is nothing about this act that is remarkable or significant within the prison context or in light of the particular facts of this case. In order to satisfy the "adverse action" requirement, a prison inmate must show more than *de minimis* harm, *Thaddeus-X*, 175 F.3d at 396, and "routine inconveniences of prison life [ ] do not constitute adverse action." *Reynolds-Bey v. Harris*, 428 Fed.App'x. 493, 503

6

(6th Cir. 2011). Not being given a particular prison job falls squarely within the scope of *de minimis* actions that fail to rise to the level of constitutional concern.[2]

Additionally, Plaintiff has not presented sufficient evidence to satisfy the causation element. Assuming that Defendant made remarks to Plaintiff about his grievance filing as alleged in the Complaint, these remarks occurred well after the decision about Plaintiff's prison job assignment occurred, and Plaintiff has offered no evidence rebutting Defendant's evidence that Plaintiff's prison job assignment was (1) a decision made by the Classification Committee, and (2) a decision that was based upon Plaintiff's poor institutional record. *See* Affidavit of Baines (Docket Entry No. 50). To avoid summary judgment on the causation element of a retaliation claim, Plaintiff must present evidence from which a reasonable jury could conclude that his protected conduct was a motivating factor behind the adverse action and that the same action would not have occurred in the absence of the protected activity. *See Thaddeus-X*, 175 F.3d at 399. Plaintiff has not met this burden.

Even when the evidence before the Court is viewed in the light most favorable to Plaintiff, there is simply no evidence upon which a reasonable jury could conclude that he suffered a violation of his protected constitutional rights when he was not given the specific prison job that he desired. Any factual disputes that exist do not rise to the level of genuine issues of material fact.[3]

---

[2] Even though the Court finds that no adverse action occurred, the Court does not agree with Defendant's argument that Plaintiff cannot show an adverse action merely because he continued to pursue prison grievances after the alleged adverse action occurred. *See* Docket Entry No. 43 at 7-8. The Sixth Circuit Court of Appeals has rejected this argument, holding that the proper inquiry in a retaliation claim is an objective inquiry and not one based upon the reaction of the plaintiff at hand to the alleged adverse action. *Bell v. Johnson*, 308 F.3d 594, 606 (6th Cir. 2002). *See also Al-Amin v. TDOC Com'r*, 2012 WL 1231737 at *6 (M.D. Tenn. Apr. 11, 2012) (Sharp, J.)

[3] The Court has addressed Plaintiff's claim on the merits. However, his opposition to summary judgment is largely unsupported by the type of evidence necessary to rebut a motion for summary judgment. *See Lujan*, 497 U.S. at 888-89. For example, he submitted no evidence

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that Defendant Michael Corlew's motion for summary judgment (Docket Entry No. 42) be GRANTED, Plaintiff's motion to move forward with the case and grant relief (Docket Entry No. 49) be DENIED, and this action be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge

---

supporting his response to Defendant's Statement of Undisputed Facts , and the statement of David McClain attached to the Complaint, *see* Docket Entry No. 1 at 10-11, is an unsworn statement that cannot be considered as evidence rebutting the motion for summary judgment. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158 n.17, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 969 (6th Cir. 1991).